# CIRCUIT COURT OF THE CITY OF NORFOLK

Nationstar Mortgage, L.L.C.

v.

LaJuane Artis,
Jamaica Woodward,
Tunisia Woodward, et al.

February 8, 2011

Case No. (Civil) CL10-7331

By Judge Junius P. Fulton, III

This matter came before the Court on January 21, 2011, for hearing on defendants' Demurrer. Having considered the briefs in support and opposition thereto, the Court will overrule the Demurrer for the following reasons.

The defendants' challenge to the legal sufficiency of the plaintiff's pleading requires the admission of all well pleaded facts and inferences reasonably drawn from them. However, the standard review does not require the Court to admit that the conclusions of law pleaded are correct. *Fox v. Custis*, 236 Va. 69, 71 (1988). Thus, the Court in ruling on this Demurrer will examine exhibits accompanying the Complaint, *Flippo v. F & L Land Co.*, 241 Va. 15, 17 (1991), and the Court will also ignore factual allegations that are contradicted by the terms of authentic and unambiguous documents properly part of the pleadings. *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379 (1997).

Although a Demurrer is the proper mechanism to challenge the Complaint on the grounds that the defendants are *bona fide* purchasers and thus cannot be divested of title, the application of Virginia Code § 64.1-183 is fatal to their argument. Virginia Code § 64.1-183 states:

> Any heir or devisee who shall sell and convey any real estate, which by this chapter is made assets, shall be liable to those entitled to be paid out of the assets, for the value thereof, with interest; in such case, the estate conveyed shall not be liable if the conveyance was bona fide, and at the time of

such conveyance no suit shall have been commenced for the administration of the assets nor any reports have been filed as aforesaid of the debts and demands of those entitled. *But no alienation of such estate, made by an heir or devisee, within one year after the death of the testator or intestate, shall be valid against creditors of such testator or intestate, although no such suit shall have been commenced or report of debts and demands filed within such year, except as provided in § 64.1-184.* Any conveyance heretofore or hereafter made within one year after the death of a decedent shall, after the expiration of said year, be valid to all intents and purposes as if made after the expiration of said year, if, at the expiration of said year, no such suit shall have been commenced.

(Emphasis added.) The italicized portion was adopted in 1887 "manifestly in the interest of the creditor of the decedent." *Heeke v. Allan*, 127 Va. 65 (1920). Section 64.1-183 gives a creditor a *quasi* lien on the real estate of a decedent. *Lowry v. Noell*, 177 Va. 238, 242 (1941). "Nothing that the heirs or devisees may do can defeat this lien within the year, and, within that time, there can be no such thing as a purchaser for value without notice. The statute gives him notice." *Id.*

Defendants were aware of Woodward's death because the deed from Equity specifically references the heirs' deed. Knowledge of the date of Woodward's death coupled with the notice provided by Virginia Code § 64.1-183 effectively establishes a *quasi* lien on property held by the estate for one year following her death. Thus, the defendants cannot qualify as *bona fide* purchasers.

Therefore, the Court will overrule the Demurrer. An Order reflecting the same has been entered allowing the defendants to file their Answers and Grounds of Defense not later than February 28, 2011.